David Abrams, Attorney at Law
305 Broadway Suite 601
New York, NY 10007
Tel. 212-897-5821 dnabrams@gmail.com

United States District Court
Eastern District of New York

_____

Mario Bago,

        Plaintiff,

    No.

  - against -

VINCENT'S LIMOUSINE
SERVICE OF NEW YORK, INC.  a/k/a     **Complaint**
Vincent Limousine

        Defendants.

_____

    Plaintiff, complaining of the Defendants by his attorney, David Abrams, Attorney at Law, respectfully set forth and allege as follows:

**I.    Introduction**

1.    This is an action for wages and overtime under the Fair Labor Standards Act and the New York Labor Law.

**II.    Parties**

2.    Plaintiff Mario Bago ("Plaintiff" or "Mr. Bago") is a natural person.

3.    Defendant VINCENT'S LIMOUSINE SERVICE OF NEW YORK, INC. a/k/a Vincent Limousine (the "Employer") is a New York business corporation with a principle place of business in the State of New York, County of Queens.

**[continued on next page]**

**III.     Venue and Jurisdiction**

4.      The Court has subject matter jurisdiction over this matter in that Plaintiff asserts claims under federal law and the remaining claims are part of the same case or controversy.

5.      The Court has personal jurisdiction over the Employer in that this matter arises from the Employer's employment of the Plaintiff out of its facility which is located in Queens.

6.      Venue is appropriate in that this matter in the Eastern District in that this matter arises from the Defendant's employment of the Plaintiff at its facility which is located in Queens.

**IV.     Background**

7.      At all times relevant to this complaint, the Employer operated a limousine service.

8.      Plaintiff was employed by the Employer as a driver for approximately 8 years until his employment ended in or about July of 2019.

9.      Plaintiff's pay was comprised of a modest hourly rate combined with a commission, i.e. a percentage of the Employer's revenue for each job he performed.

10.     Plaintiff regularly worked well in excess of 40 hours per week and was therefore entitled to overtime pay.  Although Plaintiff's hours were not exactly the same every week, in a typical week he worked at least Sunday through Thursday starting from approximately 1pm and finishing between 11pm and midnight.  Also, he frequently worked on Fridays.  Moreover, if there was a special event taking place, it was common for him to work substantially more.  For example, during the time of the US Open in 2018, he worked approximately 70-100 hours per week.  Upon information and belief,

Plaintiff's hours are reflected in the Employer's records which are incorporated herein by reference.

11.     The Employer did pay overtime premiums to Plaintiff, but did not incorporate his commissions into his regular rate.  Thus his overtime premiums were substantially short.

**V.     Causes of Action and Demand for Relief**

Count One: Violation of New York Wage & Hour Law

12.     The allegations contained in the preceding paragraphs are incorporated as if restated herein.

13.     Plaintiff was an employee of the Employer within the meaning of the New York Minimum Wage Act and accompanying regulations.

14.     The Employer was an employer within the meaning of those same regulations in that it employed Plaintiff.

15.     The Defendants violated the above law and regulations in that it they did not properly compensate Plaintiff for the hours and overtime hours he worked.

Count Two: Violation of the Fair Labor Standards Act

16.     The allegations contained in the preceding paragraphs are incorporated as if restated herein.

17.     The Employer is covered by the Fair Labor Standards Act in that it had revenues of over $500,000 per year and more than one employee handled goods which had moved in interstate commerce.

18.     The Defendant violated the Fair Labor Standards Act in that it did not properly compensate Plaintiff for the overtime hours he worked.

**[continued on next page]**

WHEREFORE Plaintiff demands judgment against the Employer in the amount of his unpaid back wages, overtime and liquidated damages, compensatory damages, and other damages, in an amount not more than $150,000.00 which includes attorneys fees and costs, and such other and further relief that the Court deems just.

                                            Respectfully submitted,

                                            David Abrams
                                             Attorney for Plaintiff
                                            305 Broadway Suite 601
                                            New York, NY 10007
                                            Tel. 212-897-5821
                                            Fax    212-897-5811

March 26, 2020
New York, New York